Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
18L0420
St. Clair County
6/15/2018 9:40 AM
1245903

**IN THE CIRCUIT COURT OF**
**ST. CLAIR COUNTY, ILLINOIS**

| | |
|---|---|
| WENDY ZELLER,          ) | |
|                       ) | |
|        Plaintiff,      ) | |
|                       ) | |
| v.                      ) | Case No:  18-L-0420 |
|                       ) | |
| Robert W. Roland        ) | |
| Serve: 1211 A Paris Avenue   ) | |
|        Hannibal, MO 63401   ) | |
|                       ) | |
| and                    ) | |
|                       ) | |
| SUNRISE TRANSPORT, LLC.   ) | |
| Serve: R/A:   Dennis Harrison   ) | |
|              55889 Highway A   ) | |
|              New London, MO 63459   ) | |
|                       ) | |
|        Defendants.      ) | |

**COMPLAINT**

Now comes the Plaintiff, WENDY ZELLER, by and through the undersigned attorneys, LIESER LAW FIRM, LLC, and in support of her cause of action against Defendants, SUNRISE TRANSPORT, LLC. and ROBERT W. ROLAND, states as follows:

**GENERAL ALLEGATIONS**

1.      Plaintiff, Wendy Zeller (hereinafter "Plaintiff") is an individual, resident, and citizen of the State of Illinois.

2.      At all times material hereto, Defendant Sunrise Transport, LLC. (hereinafter "Sunrise Transport"), is a Missouri Limited Liability Company doing business in Illinois and may be served through its registered agent, Dennis Harrison at 55889 Highway A, New London, Missouri 63459.

3.      Defendant Robert W. Roland (hereinafter "Roland"), is an individual, resident, and citizen of the State of Missouri and can be served at 1211 A Paris Avenue, Hannibal MO 63401.

1

EXHIBIT A

4.      That venue is proper with this Court because the collision that is the subject of this action occurred in St. Clair County, Illinois.

5.      Sunrise Transport owned the 2007 Kenworth Truck (hereinafter "Truck") that Roland was operating at the time of the collision.

6.      At all times relevant herein and at the time of this collision, Roland was operating the Truck in the course and scope of his employment with Sunrise Transport.

7.      Upon information and belief, as of June 16, 2016, and at the time of the collision referenced in this complaint, Sunrise Transport was not registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

8.      Upon information and belief, as of June 16, 2016,  and at the time of the collision referenced in this complaint, Sunrise Transport was not registered with and did not obtain operating authority within the State of Illinois.

9.      Upon information and belief, as of June 16, 2016, and at the time of the collision referenced in this complaint, Roland was not registered with and did not obtain operating authority within the State of Illinois.

10.     Upon information and belief, as of June 16, 2016, and at the time of the collision referenced in this complaint, Sunrise Transport did not have authority to operate as an interstate commercial motor carrier.

11.     At all times relevant herein and at the time of this collision, Sunrise Transport was a commercial motor carrier engaged in interstate commerce, transporting goods for hire throughout the United States, and specifically the states of Missouri and Illinois.

12.     At all times relevant herein and at the time of this collision, Sunrise Transport was acting individually and through its drivers, agents, servants, joint ventures, and/or employees, each of whom were acting within the course and scope of their employment with Sunrise Transport.

2

13.     Sunrise Transport is liable for all acts and omissions of Roland while he was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

14.     Sunrise Transport, and its agents, servants, employees, and drivers, including Roland, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

15.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer." 49 C.F.R. §390.5.

16.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

17.     At all times relevant to this case, Roland was a driver of the Truck, a commercial motor vehicle, and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

18.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

3

19.    At all times relevant to this case, the Truck was a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

20.    In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it.    49 C.F.R. §390.5.

21.    At all times relevant to this case, Sunrise Transport was an "employer," as defined by the Motor Carrier Safety Regulations.

22.    In its relevant parts, the Motor Carrier Safety Regulations define a "Commercial Motor Vehicle" as any self-propelled or towed motor vehicle used on a highway in interstate commerce to transport passengers or property when the vehicle has a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight, of 10,001 pounds or more.    49 C.F.R. §390.5.

23.    At the time of this incident and at all times herein mentioned, the Truck which Roland was operating was a "commercial motor vehicle" as defined by the Motor Carrier Safety Regulations.

24.    At the time of this incident and at all times herein mentioned, Roland was operating the Truck as a driver for Sunrise Transport.

25.    On or about June 16, 2016, at approximately 7:27 a.m., Plaintiff was operating a 2008 Hyundai Tiburon on westbound Interstate 64 in St. Clair County, Illinois.

26.    At that time and place, Plaintiff slowed down due to traffic ahead.

27.    At that time and place, Roland was operating the Truck behind Plaintiff.

28.    At the time and place stated above, Roland caused Sunrise Transport's Truck to strike the rear of Plaintiff Wendy Zeller's vehicle.

4

29.     Roland was cited for driving too fast for conditions and failure to reduce speed to avoid an accident.

30.     Interstate 64 is and was an open thoroughfare and public roadway in the State of Illinois.

31.     Plaintiff suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this incident.

32.     The negligence of Sunrise Transport and Roland, directly and proximately, caused or contributed to cause injury to Plaintiff, which includes severe injuries to her neck and spine.

33.     As a direct and proximate result of this collision and the direct and proximate result of the negligence of Sunrise Transport and Roland, Plaintiff has incurred medical bills.

34.     As a direct and proximate result of this collision and the direct and proximate result of the negligence of Sunrise Transport and Roland, Plaintiff will likely incur additional medical bills in the future.

## COUNT I – WENDY ZELLER
## NEGLIGENCE AGAINST DEFENDANT ROLAND

**COMES NOW** Plaintiff Wendy Zeller and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Roland, and further states:

35.     At the time of this collision, Roland negligently operated the Truck that caused this incident on the above stated date and time by:

a)     Driving too fast for conditions in violation of 625 ILCS 5/11-601(a);

b)     Failing to reduce speed to avoid a collision in violation of 625 ILCS 5/11-601(a);

c)     Failing to keep a proper lookout ;

5

d)   Failing to take proper remedial action which could have avoided this collision or minimized the impact;

e)   Operating the Truck without adequate training and experience;

f)   Operating the Truck when not properly qualified to do so;

g)   Driving while tired and/or fatigued;

i)   Driving while under the unsafe side-effects of prescription medication;

j)   Driving overly aggressive;

m)   Failing to stop the Truck, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with Plaintiff's vehicle, when he could and should have done so in the exercise of the highest degree of reasonable care

36.   At least one of the negligent acts or omissions by Roland, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the collision in question and the resulting injuries to Plaintiff.

37.   As a direct and proximate result of the negligence of Roland, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

38.   Roland knew or should have known that his conduct as described herein created a high degree of probability of injury.

39.   Roland was not properly qualified to operate the Truck, did not have the required training and experience, and was operating in violation of the law, thus showing his behavior and conduct was reckless and with complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to aggravated (punitive) damages.

**WHEREFORE** Plaintiff Wendy Zeller prays for judgment against Defendant Roland in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and

6

reasonable to compensate plaintiff for her injuries, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II – WENDY ZELLER
## STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT SUNRISE TRANSPORT, LLC

**COMES NOW** Plaintiff Wendy Zeller and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant Sunrise Transport, LLC and further states:

40.    Based upon all aforementioned allegations, Sunrise Transport is vicariously liable for the negligence of Roland based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiff Wendy Zeller prays for judgment against Defendant Sunrise Transport Company, Inc. in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

## COUNT III – WENDY ZELLER
## VICARIOUS LIABILITY AGAINST DEFENDANT SUNRISE TRANSPORT, LLC

**COMES NOW** Plaintiff Wendy Zeller and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant Sunrise Transport, LLC, and further states:

41.    At all times relevant, Roland was acting in the course and scope of his agency and/or employment with Sunrise Transport, LLC.

42.    Based upon the prior allegations, Sunrise Transport, LLC, is vicariously liable for the negligence of Roland based upon the doctrines of agency and respondent superior.

**WHEREFORE** Plaintiff Wendy Zeller prays for judgment against Defendant Sunrise Transport, LLC, in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for her injuries, and for such other relief this Court deems just and proper under the circumstances.

**COUNT IV – WENDY ZELLER**
**INDEPENDENT NEGLIGENCE AGAINST DEFENDANT SUNRISE TRANSPORT,**
**LLC**

**COMES NOW** Plaintiff Wendy Zeller and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein and further states:

43.     At all times relevant, Sunrise Transport was operating as an interstate motor carrier.

44.     Throughout its existence, Sunrise Transport has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

45.     As an interstate motor carrier, Sunrise Transport has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

46.     The various safety regulations included within Parts 390 – 397, of which Sunrise Transport has a duty to follow, include, but are not limited to, the following:

a.  Sunrise Transport has an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

b.  Sunrise Transport has a duty to not require or permit a driver, including Roland, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other

8

cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. §392.3;

c.   Sunrise Transport has a duty to not allow or permit a driver, including Roland, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle. 49 C.F.R. §391.11.;

d.   Sunrise Transport has an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390. 490 C.F.R. §390.13;

e.   Sunrise Transport has an independent duty to prohibit its employees from driving a commercial vehicle unless the employee has first completed and furnished to Sunrise Transport an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.   Sunrise Transport has an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.   Sunrise Transport has an independent duty to obtain the motor vehicle record of every driver it employs, including Roland, at least once every twelve months to determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle. 49 C.F.R. §391.25;

h.   Sunrise Transport has an independent duty require each of its drivers, including Roland, to furnish a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months. 49 C.F.R. §391.27;

9

i.  Sunrise Transport has an independent duty to prohibit its employees, including Roland, from driving until the driver successfully completes a road test and is issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.  Sunrise Transport has an independent duty to ensure that its drivers, including Roland, are physically qualified to operate a commercial motor vehicle and that its drivers undergo the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.  Sunrise Transport has an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Roland on the day of the aforementioned collision, and to ensure that the motor vehicle and all of its parts and accessories are in proper operating condition at all times, including at the time of the aforementioned collision.  40 C.F.R. §396.3.

47.     Sunrise Transport had a duty to comply with the Federal Motor Carrier Safety Regulations including, but not limited to, the specific aforementioned regulations.

48.     It is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

49.     At all times prior to the aforementioned collision, Sunrise Transport failed to have in place an adequate safety program.

50.     As a result of its inadequate safety program, Sunrise Transport violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically

aforementioned regulations prior to the aforementioned collision involving Plaintiff.

51.   As a result of its inadequate and/or inexistent safety program, Sunrise Transport allowed its drivers, including Roland, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

52.   Sunrise Transport's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff.

53.   Sunrise Transport was negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

54.   Sunrise Transport was negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Roland, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

55.   As a direct and proximate result of the independent negligence of Sunrise Transport, Plaintiff was injured and sustained damages and will continue to be damaged in the manners previously described in this Complaint.

56.   Sunrise Transport knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiff.

**WHEREFORE** Plaintiff Wendy Zeller prays for judgment against Defendant Sunrise Transport Company, Inc. in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of

costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V – WENDY ZELLER
## DIRECT NEGLIGENCE AGAINST DEFENDANT SUNRISE TRANSPORT COMPANY, INC. BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiff Wendy Zeller and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

57.     At all times prior to the aforementioned collision, Sunrise Transport had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

58.     Such duties include, but are not limited to:

a)     To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)     To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)     To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)     To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)     To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

12

f)      To ensure that its driver was physically qualified to operate a commercial motor vehicle and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)      To ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely. 49 C.F.R. §391.41(b)(6).

59.    Sunrise Transport has a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, and/or Illinois statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

60.    Roland was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

61.    Because of Roland's aforementioned inadequacies, Sunrise Transport should not have hired him to operate a commercial motor vehicle.

62.    Sunrise Transport knew, or through the exercise of ordinary care should have known, that Roland was unqualified to safely operate a commercial motor vehicle.

63.    By failing to properly and adequately screen and investigate its drivers, including Roland, before and during employment, Sunrise Transport violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

64.    If Sunrise Transport obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Roland was unqualified to safely operate a commercial motor vehicle.

65.    Roland's negligent actions on the day of the collision with Plaintiff were consistent

13

with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

66.    Sunrise Transport's actions and omissions in hiring Roland, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiff, resulting from the aforementioned motor vehicle collision.

**WHEREFORE** Plaintiff Wendy Zeller prays for judgment against Defendant Sunrise Transport Company, Inc. in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VI – WENDY ZELLER
## DIRECT NEGLIGENCE AGAINST DEFENDANT SUNRISE TRANSPORT COMPANY, INC. BASED UPON NEGLIGENT TRAINING

**COMES NOW** Plaintiff Wendy Zeller and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

67.    Sunrise Transport owed the general public, including Plaintiff, a duty to properly train its drivers, including Roland, on the safe operation of a commercial motor vehicle.

68.    Sunrise Transport failed to properly train or instruct Roland on the safe operation of a commercial motor vehicle.

69.    Sunrise Transport owed the general public, including Plaintiff, a duty to properly train its drivers, including Roland, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

70.    At all times prior to the aforementioned collision, Sunrise Transport had a duty,

14

imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

71.     Such duties include, but are not limited to:

a)     To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations. 49 C.F.R. §380.109 and 49 C.F.R. §380.509;

b)     To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications. 49 C.F.R. §380.503;

c)     To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

72.     Sunrise Transport had a duty to properly instruct its drivers, including Roland on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

73.     Sunrise Transport failed to properly train or instruct Roland on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

74.     Sunrise Transport owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Roland.

75.     Sunrise Transport failed to provide adequate continuing safety courses to Roland.

76.     Sunrise Transport had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

77.     Sunrise Transport breached its duty to the general public, including the Plaintiff,

by its failing to properly train Roland, who was unqualified, incompetent and should not have been permitted to operate a commercial motor vehicle.

78.     Based on Roland's driving history, inadequate experience, and training, Sunrise Transport knew or had information from which it, in the exercise of ordinary care, should have known, that Roland operating the Truck created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

79.     Sunrise Transport was negligent in failing to properly train its drivers, including Roland, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

80.     Sunrise Transport was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

81.     Roland's aforementioned negligent actions and/or inactions were consistent with the fact that Sunrise Transport failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

82.     Plaintiff's injuries were directly and proximately caused by Sunrise Transport's breach of duty and failure to comply with its duty to properly train Roland, its commercial motor vehicle driver.

**WHEREFORE** Plaintiff Wendy Zeller prays for judgment against Defendant Sunrise Transport Company, Inc. in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

16

## COUNT VIII – WENDY ZELLER
## DIRECT NEGLIGENCE AGAINST DEFENDANT SUNRISE TRANSPORT COMPANY, INC. BASED UPON NEGLIGENT SUPERVISION

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

83.     Sunrise Transport owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

84.     Sunrise Transport had a duty to not require or permit a driver, including Roland, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

85.     Sunrise Transport had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving.  49 C.F.R. §391.25.

86.     Sunrise Transport had a duty to ensure that its drivers were continuously physically qualified to safely operate a Ford F350. 49 C.F.R. §391.41, 391.43.

87.     Sunrise Transport had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

88.     Sunrise Transport had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

89.     Sunrise Transport had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

90.     Sunrise Transport had a duty to not schedule a run, nor permit, nor require the

17

operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

91.    Sunrise Transport had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

92.    Sunrise Transport breached its above listed duties to the general public, including the Plaintiff, by its failing to properly supervise Roland, who was unqualified, incompetent and should have been discharged prior to this collision.

93.    Based on Roland's driving history, lack of supervision and continued retention by his employer, Sunrise Transport knew or had information from which it, in the exercise of ordinary care, should have known that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

94.    Plaintiff's injuries were directly and proximately caused by Sunrise Transport's breach of duty and failure to comply with its duty to properly supervise Roland, its commercial motor vehicle driver.

**WHEREFORE** Plaintiff Wendy Zeller prays for judgment against Defendant Sunrise Transport Company, Inc. in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

**LIESER LAW FIRM, LLC**

By:    /s/ *Shaun M. Lieser*
       **Shaun M. Lieser,** IL #6295198
       **W. Alex Lamb,** IL #6325966
       1034 S. Brentwood Blvd. PH-1C
       Saint Louis, Missouri 63117
       Ph: (314) 878-3200
       Fx: (314) 732-1402
       E-mail: shaun@lieserlawfirm.com

       *Attorneys for Plaintiff*

19